

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 28, 2005

Darius A. Arbabi, Esq.
161 Worcester Road
Framingham, MA 01701

Re:  Robert M. Berzon
     05-10118-NMG

Dear Mr. Arbabi:

     This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, ROBERT M. BERZON ("Defendant"), in
the above-captioned case.  The Agreement is as follows:

     1.   Change of Plea

     At the earliest practicable date, Defendant shall plead
guilty to all counts in which he is named in the above-captioned
Indictment: United States v. Robert M. Berzon.  Defendant
expressly and unequivocally admits that he in fact knowingly,
intentionally and willfully committed the crime charged in the
Indictment, and is in fact guilty of that offenses.

     2.   Penalties

     Defendant faces the following maximum penalties: 10 years in
prison, a $250,000 fine, 3 years of supervised release, and a
$100 special assessment.

     3.   Sentencing Guidelines

     The sentence to be imposed upon Defendant is within the
discretion of the sentencing Court, subject to the statutory
maximum penalties set forth above, and the provisions of the
Sentencing Reform Act and the United States Sentencing Guidelines
promulgated thereunder, as modified by United States v. Booker

and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108
(January 12, 2005).  In imposing the sentence, the Court must
consult and take into account the United States Sentencing
Guidelines, along with the other factors set forth in 18 U.S.C.
§3553(a).

The parties agree to take the following positions at
sentencing  with respect to the application of the United States
Sentencing Guidelines:

- Defendant's base offense level is 6, pursuant to U.S.S.G. §
  2B1.1(a)(2);

- A 4-level enhancement is applicable pursuant to U.S.S.G. §
  2B1.1(b)(1)(C);

- Defendant's total offense level, prior to any acceptance of
  responsibility adjustment, is 10.

The U.S. Attorney and Defendant agree that there is no basis
for a departure from the sentencing range established by the
United States Sentencing Guidelines.  Accordingly, neither the
U.S. Attorney nor Defendant will seek a departure on any ground
from the Sentencing Guidelines.

The U.S. Attorney expressly reserves the right to seek an
upward departure pursuant to U.S.S.G. § 4A1.3 should any of
Defendant's prior state convictions be vacated or Defendant's
Criminal History Category otherwise change after his indictment
in this case. Thus, for example, the government may contend that
an upward departure under § 4A1.3 is appropriate if a state-court
conviction that existed at the time of Defendant's indictment is
vacated and that vacation alters Defendant's Criminal History
Category.

Based on Defendant's prompt acceptance of personal
responsibility for the offense(s) of conviction in this case, and
information known to the U.S. Attorney at this time, the U.S.
Attorney agrees to recommend that the Court reduce by 2 levels
Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to
recommend a reduction under U.S.S.G. § 3E1.1 if, at any time
between his execution of this Agreement and sentencing Defendant:

> (a)  Fails to admit a complete factual basis for the
>      plea;

(b)  Fails to truthfully admit his conduct in the offenses of conviction;

(c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)  Fails to provide truthful information about his financial status;

(e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)  Intentionally fails to appear in Court or violates any condition of release;

(h)  Commits a crime;

(i)  Transfers any asset protected under any provision of this Agreement; and/or

(j)  Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.  <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)  2 years probation;

3

      (b)   Restitution in the amount of $23,911.45;

      (c)   $100 mandatory special assessment.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing.  Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5.    <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

      (1)   Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $23,911.45;

      (2)   Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $6000 per month; and

      (3)   Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the restitution ordered by the Court at sentencing, and any tax liability incurred as a result of the conduct charged in the

Indictment satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.    Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal.  Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1)    Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2)    The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole

discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

### 9. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

### 10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

### 11. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

### 12. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him

6

of an obligation under this Agreement shall give rise to grounds
for withdrawal of his guilty plea.  Defendant understands that,
should he breach any provision of this agreement, the U.S.
Attorney will have the right to use against Defendant before any
grand jury, at any trial or hearing, or for sentencing purposes,
any statements which may be made by him and any information,
materials, documents or objects which may be provided by him to
the government subsequent to this Agreement, without any
limitation.  In this regard, Defendant hereby waives any defense
to any charges which he might otherwise have under any statute of
limitations or the Speedy Trial Act.

    13.  Who Is Bound By Agreement

    This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, state
or local prosecutive authorities.

    14.  Complete Agreement

    This letter contains the complete and only agreement between
the parties.  No promises, representations or agreements have
been made other than those set forth in this letter.  This
Agreement supersedes prior understandings, if any, of the
parties, whether written or oral.  This Agreement can be modified
or supplemented only in a written memorandum signed by the
parties or on the record in court.

    If this letter accurately reflects the Agreement between the
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.  Please also sign below as
Witness.  Return the original of this letter to Special Assistant
U.S. Attorney S. Waqar Hasib.

                        Very truly yours,

                        MICHAEL J. SULLIVAN
                        United States Attorney

                    By: _____
                        LAURA J. KAPLAN, Chief
                        Violent & Organized Crime
                        Section

                        _____
                        S. WAQAR HASIB
                        Spec. Assistant U.S. Attorney

                        7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney.  I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts.  I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them.  I am satisfied with the legal representation provided to me by my attorney.  We have had sufficient time to meet and discuss my case.  We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial.  I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

ROBERT M. BERZON
Defendant

Date: 8/12/05

I certify that Defendant's Name has read this Agreement and that we have discussed its meaning.  I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

DARIUS A. ARBABI,
Attorney for Defendant

Date: August 12, 2005

8